IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| DAVID AYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:12-cv-753 |
| v. ) | |
| ) | |
| CITY OF CLEVELAND, Cleveland ) | Judge James S. Gwin |
| Police Detectives MICHAEL CIPO and ) | |
| DENISE KOVACH, CUYAHOGA ) | |
| METROPOLITAN HOUSING ) | |
| AUTHORITY, Cuyahoga Metropolitan ) | |
| Housing Authority Sergeant ) | |
| DONALDSON and Police Officers ) | |
| RAYMOND MORGAN, THOMAS IMES, ) | |
| and CHRIS JAKUB, and Unknown City of ) | |
| Cleveland and Cuyahoga Metropolitan ) | |
| Housing Authority Employees, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT CMHA'S
MOTION TO DISMISS**

Now comes Plaintiff David Ayers, by and through his attorneys, Loevy & Loevy, and hereby responds in opposition to Defendant Cuyahoga Metropolitan Housing Authority's motion to dismiss, as follows:

**INTRODUCTION**

Plaintiff David Ayers spent nearly twelve years in prison for a murder that he did not commit. Arrested at the age of 43, he was wrongfully convicted of murdering an elderly woman who resided at an apartment complex owned by Defendant Cuyahoga Metropolitan Housing Authority ("CMHA"). No physical evidence or eyewitness accounts tied Plaintiff to the crime; to the contrary, all forensic testing excluded him as a suspect. The sole bases of Plaintiff's

wrongful conviction were fabricated evidence and false testimony engineered by members of the Cleveland Police Department and the CMHA Police Department.

On September 12, 2011 – nearly twelve years after he was falsely arrested for a crime he did not commit – Plaintiff walked out of prison a free man, exonerated by new DNA testing and other evidence.

Plaintiff filed his Complaint on March 27, 2012, bringing federal and state claims against Cleveland police officers, CMHA police officers, the City of Cleveland, and CMHA. (Dkt. 1) Plaintiff brings three state law claims against Defendant CMHA (hereinafter, "CMHA" or "Defendant"): negligent supervision and retention (Count VII), respondeat superior (Count IX), and indemnification (Count X). Defendant has moved to dismiss each of these claims. Plaintiff does not oppose the dismissal of Count VII (negligent supervision and retention) and Count IX (respondeat superior). Plaintiff does, however, oppose the dismissal of his indemnification claim.

## ARGUMENT

**I.     Plaintiff's Complaint States A Viable Indemnification Claim**

In his Complaint, Plaintiff seeks to hold CMHA liable for any compensatory damages resulting from the Individual Defendant CMHA employees' actions committed within the scope of their employment. A political subdivision must indemnify and hold harmless an employee "in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court . . . and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function," provided that the employee was acting in good faith and

2

within the scope of his employment.  R.C. 2744.07(A)(2); *Lambert v. Clancy*, 125 Ohio St.3d 231, 234 (2010).

"In dealing with common-law indemnity claims, the courts have consistently held that the right of indemnity, being collateral to the underlying claim which gives rise to the right, is a separate cause of action[.]"  *Stengel v. Columbus*, 74 Ohio App.3d 608, 612 (1991) (collecting cases).  Contrary to Defendant's assertion, then, that claim is available to Plaintiff.  *See id.*; *see also Vaughan v. City of Shaker Heights*, 2011 WL 5966732, *5 (N.D. Ohio Nov. 28, 2011) (denying City of Shaker Heights's motion to dismiss plaintiff's indemnification claim brought under R.C. 2744.07(A)(2)).

The one case Defendant cites in support of its proposition, *Buckeye Union Insurance Company v. Arlington Board of Education*, 93 Ohio App.3d 285 (1994), is inapposite.  In *Buckeye*, the court was asked to determine whether an insurance company that assumed the defense of an Arlington Board of Education ("Board") employee in a civil suit could later recover the cost of that defense from the Board.  The question in that case involved the interpretation of R.C. 2744.07(C) – not the indemnification provision at issue here – which provides, "If a political subdivision refuses to provide an employee with a defense in a civil action or proceeding as described in division (A)(1) of this section, the employee may file, in the court of common pleas of the county in which the political subdivision is located, an action seeking a determination as to the appropriateness of the refusal of the political subdivision to provide him with a defense under that division."  In analyzing <u>that</u> statutory provision, the *Buckeye* court held that the right to bring suit to determine the propriety of the Board's action (i.e., its refusal to defend its employee in the civil suit) belonged solely to the employee, per the

3

plain language of the statute. *Buckeye Union Ins. Co.*, 93 Ohio App.3d at 288. This has no bearing on Plaintiff's indemnification claim.

## II. Plaintiff Does Not Oppose the Dismissal of Counts VII and Count IX

Plaintiff does not oppose Defendant's motion insofar as it seeks to dismiss his negligent supervision and retention claim (Count VII) or his respondeat superior claim (Count IX) against CMHA.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant CMHA's motion to dismiss his indemnification claim (Count X).

Respectfully submitted,

/s/ Rachel Steinback
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Rachel Steinback
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

4

5

## CERTIFICATE OF SERVICE

    I, Rachel Steinback, hereby certify that I filed the foregoing Response to Defendant CMHA's Motion to Dismiss on June 29, 2012, by CM/ECF electronic filing, which was served through the Court's electronic filing system upon all counsel who have made an appearance.

                                       /s/ Rachel Steinback_____