IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| DAVID AYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:12-cv-753 |
| v. ) | |
| ) | |
| CITY OF CLEVELAND, Cleveland ) | Judge James S. Gwin |
| Police Detectives MICHAEL CIPO and ) | |
| DENISE KOVACH, CUYAHOGA ) | |
| METROPOLITAN HOUSING ) | |
| AUTHORITY, Cuyahoga Metropolitan ) | |
| Housing Authority Sergeant ) | |
| DONALDSON and Police Officers ) | |
| RAYMOND MORGAN, THOMAS IMES, ) | |
| and CHRIS JAKUB, and Unknown City of ) | |
| Cleveland and Cuyahoga Metropolitan ) | |
| Housing Authority Employees, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT CMHA'S
RENEWED MOTION TO DISMISS**

Now comes Plaintiff David Ayers, by and through his attorneys, Loevy & Loevy, and hereby responds in opposition to Defendant Cuyahoga Metropolitan Housing Authority's renewed motion to dismiss, as follows:

**INTRODUCTION**

Plaintiff David Ayers spent nearly twelve years in prison for a murder that he did not commit. Arrested at the age of 43, he was wrongfully convicted of murdering an elderly woman who resided at an apartment complex owned by Defendant Cuyahoga Metropolitan Housing Authority ("CMHA"). No physical evidence or eyewitness accounts tied Plaintiff to the crime; to the contrary, all forensic testing excluded him as a suspect. Nevertheless, CMHA police

officers assisting the Cleveland Police Department's investigation into the crime zeroed in on Plaintiff and determined that he was the perpetrator.

CMHA police officers interrogated Plaintiff several times and, despite an early admonition from a Cleveland Police Department ("CPD") Lieutenant, they subjected him to a so-called "voice stress test" in an attempt to prove his guilt. In fact, the "voice stress test" indicated that Plaintiff was being truthful when he said that he did not commit the crime. The CMHA police officers omitted that fact when they reported the results of the "voice stress test" to the CPD detectives in charge of the murder investigation, and they instead stated that Plaintiff "showed deception" in his answers. They also falsely reported that surveillance video footage from the victim's apartment building failed to corroborate Plaintiff's account of his activities on the morning of December 17, 1999. This was a lie, and it was only uncovered in the weeks before trial; in fact, the surveillance video corroborated Plaintiff's statement exactly.

Before trial, the Cuyahoga County prosecutors made three plea offers to Plaintiff, the last of which was the opportunity to plead to a misdemeanor. Plaintiff turned each of them down, refusing to admit to a crime that he did not commit. Knowing their case was weak, CPD detectives rustled up a jailhouse snitch to testify that Plaintiff had confessed to him. The jury deliberated for four days before returning a guilty verdict against Plaintiff. The sole bases of Plaintiff's wrongful conviction were fabricated evidence and false testimony engineered by members of the Cleveland Police Department and the CMHA Police Department.

On September 12, 2011 – nearly twelve years after he was falsely arrested for a crime he did not commit – Plaintiff walked out of prison a free man, exonerated by new DNA testing and other evidence.

Plaintiff filed his initial complaint on March 27, 2012, bringing federal and state claims against Cleveland police officers, CMHA police officers, the City of Cleveland, and CMHA. (Dkt. 1) Plaintiff subsequently filed a First Amended Complaint (hereinafter, "Complaint") to add one additional legal claim against the CPD Defendants. (Dkt. 38) In his Complaint, Plaintiff brings three state law claims against Defendant CMHA (hereinafter, "CMHA" or "Defendant"): negligent supervision and retention (Count VIII), respondeat superior (Count X), and indemnification (Count XI). Defendant has moved to dismiss each of these claims. Plaintiff does not oppose the dismissal of Count VIII (negligent supervision and retention) and Count X (respondeat superior). Plaintiff does oppose Defendant's motion as it pertains to Count XI – Plaintiff has a viable indemnification claim, and Defendant provides no authority to support an argument to the contrary. Plaintiff thus respectfully requests that the Court deny Defendant's motion as to that claim.

**ARGUMENT**

**I.     Plaintiff's Complaint States A Viable Indemnification Claim**

In his Complaint, Plaintiff seeks to hold CMHA liable for any compensatory damages resulting from the Individual Defendant CMHA employees' actions committed within the scope of their employment. A political subdivision must indemnify and hold harmless an employee "in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court . . . and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function," provided that the employee was acting in good faith and within the scope of his employment. R.C. 2744.07(A)(2); *Lambert v. Clancy*, 125 Ohio St.3d 231, 234 (2010).

3

"In dealing with common-law indemnity claims, the courts have consistently held that the right of indemnity, being collateral to the underlying claim which gives rise to the right, is a separate cause of action[.]" *Stengel v. Columbus*, 74 Ohio App.3d 608, 612 (1991) (collecting cases).  Contrary to Defendant's assertion, then, that claim is available to Plaintiff.  *See id.*

Moreover, as Plaintiff noted in his response to Defendant's original motion to dismiss, another court in this District has rejected the very argument Defendant attempts to make here.  In *Vaughan v. City of Shaker Heights*, 2011 WL 5966732 (N.D. Ohio Nov. 28, 2011), plaintiff James Vaughan filed suit against the City of Shaker Heights and one of its detectives for violations of his constitutional rights.  That case, as here, involved allegations of fabricated and falsified evidence and malicious prosecution.  Among Mr. Vaughan's claims was an indemnification claim against the City of Shaker Heights, based on its detective's conduct.  The City of Shaker Heights filed a motion to dismiss the complaint; as to the indemnification claim, the City argued that only a municipal employee could seek indemnification against its municipal employer.  *Vaughan*, 2011 WL 5966732, at *4 ("Defendants object to the Plaintiff's indemnification claim, contending that only a municipal employee may seek indemnification against a municipality pursuant to O.R.C. 2744.07(A)(1).").  That argument is identical to the argument Defendant makes here.  The court in that case rejected the City's argument and permitted Mr. Vaughan's indemnification claim to proceed.  *See id*. at *5 (denying City of Shaker Heights's motion to dismiss plaintiff's indemnification claim brought under R.C. 2744.07(A)(2)).[1]  Plaintiff respectfully submits that the *Vaughan* court's reasoning applies equally here.

---

[1] Defendant seems to attempt to neutralize that court's holding by stating that *Vaughan* is currently on appeal. *See* Dkt. 39, Renewed Mot. to Dismiss, at 9.  This is, of course, of no consequence.  Even if the sole issue on appeal was the indemnification issue – and it is not, for the appeal is interlocutory in nature and primarily concerns immunity issues – as this Court well knows, the fact that an appeal has been filed does not reflect on the propriety of

Defendant submits no authority that supports its proposition that Plaintiff lacks standing to sue for indemnification under R.C. 2744.07(A)(2).  The single case it cites in its argument, *Buckeye Union Insurance Company v. Arlington Board of Education*, 93 Ohio App.3d 285 (1994), is inapposite.  In *Buckeye*, the court was asked to determine whether an insurance company that assumed the defense of an Arlington Board of Education ("Board") employee in a civil suit could later recover the cost of that defense from the Board.  The question in that case involved the interpretation of R.C. 2744.07(C) – not the indemnification provision at issue here – which provides, "If a political subdivision refuses to provide an employee with a defense in a civil action or proceeding as described in division (A)(1) of this section, the employee may file, in the court of common pleas of the county in which the political subdivision is located, an action seeking a determination as to the appropriateness of the refusal of the political subdivision to provide him with a defense under that division."  In analyzing that statutory provision, the *Buckeye* court held that the right to bring suit to determine the propriety of the Board's action (i.e., its refusal to defend its employee in the civil suit) belonged solely to the employee, per the plain language of the statute.  *Buckeye Union Ins. Co.*, 93 Ohio App.3d at 288.  This has no bearing on Plaintiff's indemnification claim.

## II. Plaintiff Does Not Oppose the Dismissal of Counts VIII and Count X

Plaintiff does not oppose Defendant's motion insofar as it seeks to dismiss his negligent supervision and retention claim (Count VIII) or his respondeat superior claim (Count X) against CMHA.

---

a district court's ruling.  In their appeal, the appellants-defendants simply preserve their indemnification argument in a rehash of their original argument, comprising no more than three pages of a 64-page brief.  *See* USCA Sixth Cir. No. 11-4434, Doc. 006111308429 at pp. 58-61.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendant CMHA's renewed motion to dismiss his indemnification claim (Count XI).

Respectfully submitted,

/s/ Rachel Steinback
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Rachel Steinback
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Rachel Steinback, hereby certify that I filed the foregoing Response to Defendant CMHA's Renewed Motion to Dismiss on August 27, 2012, by CM/ECF electronic filing, which was served through the Court's electronic filing system upon all counsel who have made an appearance.

/s/ Rachel Steinback
