UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------

|  |  |
|---|---|
| DAVID AYERS, | CASE NO. 1:12-CV-00753 |
| Plaintiff, | |
| v. | OPINION & ORDER |
|  | [Resolving Docs. 141, 142, and 143] |
| CITY OF CLEVELAND, *et al.*, | |
| Defendants. | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff David Ayers moves this Court to reinstate his state law indemnification claim against Defendant City of Cleveland.[1] Defendants Michael Cipo and Denise Kovach oppose.[2] For the following reasons, the Court **GRANTS** Plaintiff Ayers's motion.

## I. Background

On March 27, 2012, Plaintiff Ayers filed a Complaint asserting various federal and state claims against members of the Cleveland Police Department and Cuyahoga Metropolitan Housing Authority and alleging that they fabricated evidence and perjured themselves to secure his wrongful murder conviction.[3]

On February 25, 2013, this Court dismissed Plaintiff's state law indemnification claim as premature, stating "[t]he duty to indemnify accrues upon issuance of a judgment against the employee for compensatory damages caused by an act or omission in connection with a governmental function."[4]

---

[1] Doc. 141.
[2] Doc. 142.
[3] Doc. 1.
[4] Doc. 79 at 33-34.

Case No. 1:12-CV-00753
Gwin, J.

On March 8, 2013, a jury returned an unanimous verdict in favor of Plaintiff Ayers against Defendants Cipo and Kovach and awarded Plaintiff $13,210,000 in compensatory damages.[5] On May 9, 2013, the judgment was enlarged to include an additional $390,000 in costs and attorneys' fees.[6]

Defendants Cipo and Kovach appealed; however, they have not sought a stay of the judgment's execution.[7]

Plaintiff Ayers now moves to reinstate his state law indemnification claim against Defendant City of Cleveland following the issuance of a judgment against Defendants Cipo and Kovach.[8] In response, Defendants Cipo and Kovach say that Plaintiff Ayers waived his indemnification argument and cannot maintain a cause of action for indemnification under Ohio Revised Code § 2744.07(A)(2).[9]

## II. Legal Standard

Ohio Revised Code § 2744.07(A)(2) states:

> Except as otherwise provided in this division, a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting in good faith and within the scope of employment or official responsibilities.[10]

---

[5] Doc. 121.
[6] Doc. 134.
[7] Doc. 127.
[8] Doc. 141.
[9] Doc. 142 at 2.
[10] Ohio Rev. Code § 2744.07(A)(2).

Case No. 1:12-CV-00753
Gwin, J.

Accordingly, Ohio Revised Code Section 2744.07(A)(2) requires a political subdivision to indemnify its employee if the employee is liable for a good faith act related to a governmental or proprietary function.

### III. Analysis

The Court finds that Plaintiff Ayers can state a claim for indemnification at this time.

First, the Court finds that Plaintiff Ayers did not waive his indemnification argument by failing to appeal the granting of summary judgment to the City of Cleveland. In its February 25, 2013 order, the Court granted summary judgment to the City of Cleveland on Plaintiff Ayers's *Monell* claims because Plaintiff Ayers failed to present evidence of a constitutional violation attributable to the City of Cleveland.[11] The Court also dismissed Plaintiff Ayers's indemnification claim against the City of Cleveland because it was not then ripe.[12] Plaintiff Ayers did not waive his indemnification claim by failing to appeal the summary judgment on his *Monell* claims.

Second, the Court finds that Plaintiff Ayers can maintain a cause of action for indemnification under O.R.C. § 2744.07(A)(2). Requiring a political subdivision to indemnify its employee is different than imposing direct liability.[13] The statutory text requires the City of Cleveland to indemnify Detective Cipo and Kovach if the conduct was carried out in good faith and within the scope of their employment.[14]

The Court rejects the notion that only Detectives Cipo and Kovach as employees can assert a claim for indemnification. To hold otherwise would defeat the statute purposes of sparing

---

[11] Doc. 79 at 34-35.
[12] *Id.* at 33-34.
[13] *Vaughan v. City of Shaker Heights*, 1:10 CV 0609, 2011 WL 5966732 (N.D. Ohio Nov. 28, 2011) *aff'd in part, rev'd in part*, 514 F. App'x 611 (6th Cir. 2013)).
[14] *See id.*

-3-

Case No. 1:12-CV-00753
Gwin, J.

municipal employees from having to pay a judgment prior to indemnification and to ensure members of the public harmed by municipal employees are made whole.[15]

The Court declines to decide at this time whether Defendants Cipo and Kovach acted in bad faith. Defendant the City of Cleveland can raise this defense later in the proceedings; however, the Court notes that this position is contrary to what was asserted in the prior proceedings.

Therefore, the Court reinstates Plaintiff Ayers's state law claim for indemnification.

### IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiff Ayers's motion to reinstate his indemnification claim.

IT IS SO ORDERED

Dated: May 6, 2014                         *s/      James S. Gwin*
                                                                                         JAMES S. GWIN
                                                                                         UNITED STATES DISTRICT JUDGE

---

[15] *See City of Memphis v. Roberts*, 528 S.W.2d 201 (Tenn. 1975) (holding that a similar statute permitted a judgment creditor to obtain indemnification directly from a city).