```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------

DAVID AYERS,

   Plaintiff,

v.

CITY OF CLEVELAND, *et al.*,

   Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

CASE NO. 1:12-CV-00753

OPINION & ORDER
[Resolving Docs. 148, 152, 154, 155 & 156]

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant the City of Cleveland moves this Court to dismiss Plaintiff David Ayers's state law indemnification claim for lack of subject matter jurisdiction.[1] Plaintiff Ayers opposes.[2] For the following reasons, the Court **GRANTS** Defendant's motion.

## I. Background

On March 27, 2012, Plaintiff Ayers filed a Complaint asserting various federal and state claims against members of the Cleveland Police Department and Cuyahoga Metropolitan Housing Authority and alleging that they fabricated evidence and perjured themselves to wrongfully secure his murder conviction.[3]

On February 25, 2013, this Court dismissed Plaintiff's state law indemnification claim as premature.[4]

---

[1] Doc. 148; Doc. 152.
[2] Doc. 154; Doc. 155.
[3] Doc. 1.
[4] Doc. 79 at 33-34.

Case No. 1:12-CV-00753
Gwin, J.

On March 8, 2013, a jury returned a verdict for Plaintiff Ayers against Defendants Cipo and Kovach and awarded Plaintiff $13,210,000 in compensatory damages.[5] On May 9, 2013, the judgment was enlarged to include an additional $390,000 in costs and attorneys' fees.[6]

Defendants Cipo and Kovach appealed; however, they have not sought a stay of the judgment's execution.[7]

On May 6, 2014, the Court granted Plaintiff Ayers's motion to reinstate his state law indemnification claim.[8]

Defendant the City of Cleveland now moves to dismiss Plaintiff's indemnification claim for lack of subject matter jurisdiction.[9] Plaintiff Ayers opposes.[10] The motion is ripe.

## II. Law and Analysis

Assuming the Court has the ability to exercise supplemental jurisdiction over the indemnification claim, the Court declines to exercise this jurisdiction over a purely state law claim.

The district court's jurisdiction over this case arose from Plaintiff Ayers's claims against the defendants under 42 U.S.C. § 1983. Because § 1983 is a federal law, the district court had jurisdiction over the § 1983 action under 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[11]

---

[5] Doc. 121.
[6] Doc. 134.
[7] Doc. 127.
[8] Doc. 144.
[9] Doc. 148; Doc. 152.
[10] Doc. 154; Doc. 155.
[11] 28 U.S.C. § 1331.

Case No. 1:12-CV-00753
Gwin, J.

However, once final judgment was entered, those federal claims ended in this Court.

Plaintiff Ayers's indemnification claim is a state law claim. It does not arise out of any federal statutes and it does not relate to the violation of any federal rights. Further, the parties to this case are not diverse. Thus, the district court does not have original jurisdiction over this claim.[12]

This district court, however, could potentially exercise supplemental jurisdiction over the indemnification claim under 28 U.S.C. § 1367(a) as part of the same case or controversy as the original action. But § 1367(c) gives the district court discretion to decline supplemental jurisdiction over a claim where "the district court has dismissed all claims over which it has original jurisdiction" and the state law claim is complex.[13] In exercising its discretion, courts consider factors such as judicial economy, convenience, fairness, comity, and try to avoid needless decisions of state law.[14]

After considering these factors, the Court declines to exercise supplemental jurisdiction. The state courts are best suited to decide whether a plaintiff rather than an employee can bring a direct action for indemnification under claim Ohio Revised Code § 2744.07(A)(2)[15] and whether the City of Cleveland's collective bargaining agreement's $ 1 million cap on indemnification is compatible with Ohio law.

### IV. Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to dismiss. The Court further vacates its previous order reinstating Plaintiff Ayers's state law indemnification claim.

---

[12] *See Pierce v. Gilchrist*, 167 F. App'x 37 (10th Cir. 2006).
[13] 28 U.S.C. § 1367(c).
[14] *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).
[15] Ohio Rev. Code § 2744.07(A)(2).

Case No. 1:12-CV-00753
Gwin, J.

    IT IS SO ORDERED

Dated: July 11, 2014                              *s/    James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE